UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GREGORY GREER,

      Petitioner,

vs.                                  Case No.  3:22-cv-61-BJD-SJH
                                            3:17-cr-173-BJD-SJH

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

## I. INTRODUCTION

Petitioner, Gregory Greer, a federal inmate, is proceeding *pro se* on a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Civ. Doc. 1, Crim. Doc. 89; Pet. Mot.) with a supporting memorandum of law (Civ. Doc. 1-1, Crim. Doc. 89-1; Pet. Mem.).[1] The Government opposes the Motion (Civ. Doc. 4; Gov't Resp.) but concedes Petitioner timely filed it and exhausted his single claim for relief. Petitioner filed a Reply (Civ. Doc. 5; Pet. Reply).

---

[1] Citations to the record in the civil case will be denoted, "Civ. Doc.," and citations to the record in the criminal case will be denoted, "Crim. Doc." Page numbers are those assigned by the Court's electronic case management system.

Under § 2255 and Rule 8(a) of the Rules Governing § 2255 Proceedings,[2] and in accordance with Petitioner's request, *see* Pet. Mem. at 10, the Court has considered the need for an evidentiary hearing and determines that a hearing is unnecessary. *See Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) ("The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"). *See also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a § 2255 movant is not entitled to a hearing "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible"). Thus, the Motion is ripe for review.

## II. BACKGROUND

On February 22, 2018, a jury returned a verdict finding Petitioner guilty under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon in possession of a firearm, as charged by Indictment (Crim. Docs. 3, 44). He was adjudicated guilty and sentenced to 120 months in federal prison (Crim. Docs. 45, 57). Petitioner appealed his judgment and sentence (Crim. Doc. 59). The United States Supreme Court vacated the Eleventh Circuit's initial opinion affirming

---

[2] Rule 8(a) of the Rules Governing § 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

Petitioner's conviction and remanded for reconsideration in light of its intervening decision in *Rehaif* v. *United States*, 588 U.S. 225 (2019) (Crim. Doc. 85). *See Greer v. United States*, 140 S. Ct. 41 (2019) (Mem.), *vacating United States v. Greer*, 753 F. App'x 886 (11th Cir. 2019). On remand, the Eleventh Circuit again affirmed Petitioner's conviction (Crim. Doc. 85). *See United States v. Greer*, 798 F. App'x 483, 484 (11th Cir. 2020). The United States Supreme Court affirmed. *See Greer v. United States*, 593 U.S. 503 (2021). The underlying facts are fully set forth in the Eleventh Circuit's and the Supreme Court's opinions.

### III.  STANDARD OF REVIEW

Under Title 28, United States Code, § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence on one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. *United States v. Addonizio*, 442 U.S. 178, 184–86 (1979). The movant "bears the burden to prove the claims in his §

2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015). *See also Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).

The United States Constitution provides criminal defendants the right to the effective assistance of counsel. *See* U.S. Const., amend. VI. As such, a claim that a criminal defendant has received the ineffective assistance of counsel in violation of the Sixth Amendment may properly be brought in a collateral proceeding under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish the ineffective assistance of counsel, a petitioner must satisfy two prongs: (1) that his counsel's conduct amounted to constitutionally deficient performance; and (2) that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020).

In assessing the "performance" prong, courts adhere to the standard of reasonably effective assistance. *Weeks v. Jones*, 26 F.3d 1030, 1036 (11th Cir. 1994) (citing *Strickland*,466 U.S. at 688). Under this standard, a review of counsel's performance is highly deferential. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000).

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial…. We are not interested in grading lawyers' performances;

we are interested in whether the adversarial process at trial, in
fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v.
Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992)). To establish his attorney
was deficient under the highly deferential *Strickland* standard, a petitioner
must show that, given all the circumstances, counsel's performance fell
"outside the wide range of professionally competent assistance." *Scott v. United
States*, 890 F.3d 1239, 1258 (11th Cir. 2018) (quoting *Payne v. Allen*, 539 F.3d
1297, 1315 (11th Cir. 2008)).

To satisfy the "prejudice" prong, a petitioner must show a reasonable
probability that, but for counsel's error, the result of the proceeding would have
been different. *Martin*, 949 F.3d at 667 (citing *Padilla v. Kentucky*, 559 U.S.
356, 366 (2010)). A reasonable probability is one sufficient to undermine
confidence in the outcome. *Strickland*, 466 U.S. at 694. "It is not enough for
the [petitioner] to show that the error had some conceivable effect on the
outcome of the proceeding." *United States v. Phillips*, 853 F. App'x at 626
(citing *Strickland*, 466 U.S. at 693)).

There is no "iron-clad rule requiring a court to tackle one prong of the
*Strickland* test before the other." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir.
2010). Since both prongs of the two-part *Strickland* test must be satisfied to
show a Sixth Amendment violation, "a court need not address the performance

5

prong if the petitioner cannot meet the prejudice prong, and vice-versa." *Id.* (citing *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in *Strickland*, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697.

## IV. DISCUSSION

In a single ground for relief, Petitioner argues his trial and appellate counsel were ineffective for failing to "challenge the U.S. Government['s] [and the Court's] jurisdiction over the place in which the [crime] occurred." *See* Pet. Mot. at 4. According to Petitioner, the Government did not demonstrate that the apartment where he was arrested was "ceded" to the Government or was a place over which the Government had "accepted" criminal jurisdiction as required under 40 U.S.C. § 3112.[3] *Id. See also* Pet. Mem. at 1; Pet. Reply at 3. Petitioner's argument is misguided. He cites numerous authorities, both statutory and case law (some from the 1800s), which are not on point but rather deal with jurisdiction in other contexts (i.e., maritime jurisdiction, original jurisdiction of the Supreme Court, removal jurisdiction, extraterritorial jurisdiction, and concurrent jurisdiction where land is ceded by a state to the

---

[3] Section 3112 addresses the government's jurisdiction over land it acquires from states.

6

federal government). *See generally* Pet. Mem; Pet. Reply.[4] Upon review of the authorities Petitioner cites, it appears he argues the Government lacked jurisdiction to charge him with a crime that occurred at the property where he was arrested, apparently under the theory that the State of Florida had not "ceded" that land to the United States. *See* Pet. Mem. at 2–3.

Petitioner's argument is "utterly without merit." *See United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987) (finding "utterly without merit" the argument that the "United States has jurisdiction over only Washington, D.C., the federal enclaves within the states, and the territories and possessions of the United States" where the defendant was charged with three counts of tax evasion in violation of the Income Tax Code, 26 U.S.C. § 7201). In a well-reasoned, published order this Court finds persuasive, a jurist of the Ocala Division of this Court previously addressed the argument Petitioner advances, explaining:

> [Section 3112(b)] affects only the manner in which the federal

---

[4] Petitioner cites the "Enclave Clause" in the United States Constitution, Article 1, Section 8, Clause 17. *See* Pet. Mem. at 4. This clause is inapplicable to Petitioner's criminal action. *See, e.g.*, *United States v. Gabrion*, 517 F.3d 839, 854–55 (6th Cir. 2008) (explaining that "[t]he violation of a federal statute . . . is an offense against the United States," and therefore under the government's jurisdiction to prosecute even if the crime occurs on property considered a "federal enclave," such as a National Forest); Emily S. Miller, *The Strongest Defense You've Never Heard of: The Constitution's Federal Enclave Doctrine and Its Effect on Litigants, States, and Congress*, 29 Hofstra Lab. & Emp. L.J. 73 (2011) (explaining the Enclave Clause "renders certain state and common law claims inapplicable within areas of land ceded by a state to the federal government").

government acquires some or all of the residual powers normally
exercised by the state with respect to a piece of land. . . . It does
not . . . affect the federal government's ability to exercise the
enumerated powers constitutionally delegated to it by each of the
several states with respect to any land anywhere within these
states, that is to say the United States.

*United States v. Kahn*, 304 F. Supp. 2d 1353, 1358 (M.D. Fla. 2004). The court

found "inane" the argument that the government lacked jurisdiction to enjoin

activities proscribed by the Internal Revenue Code because the government

"ha[d] not produced a 'notice of acceptance' [in accordance with 40 U.S.C. §

3112] evidencing the federal government's acceptance of jurisdiction over the

land on which the prohibited conduct occurred." *Id.* at 1355. *See also United

States v. Focia*, No. 2:15CR17-MHT, 2015 WL 1567375, at *2 (M.D. Ala. Apr.

6, 2015) (denying the defendant's motion to dismiss "for lack of territorial

jurisdiction" under 40 U.S.C. § 3112 and concluding the court "indisputably

ha[d] jurisdiction" over the action because the defendant was charged with

violating 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D)).

The central inquiry for determining if a district court has subject matter

jurisdiction over a criminal matter is "whether the indictment alleges 'offenses

against the laws of the United States.'" *United States v. Moore*, 954 F.3d 1322,

1333 (11th Cir. 2020). *See also United States v. Brown*, 752 F.3d 1344, 1354

(11th Cir. 2014) ("So long as the indictment charges the defendant with

violating a valid federal statute as enacted in the United States Code, it alleges

an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction.").

Petitioner was indicted for violating provisions of the United States Code. *See* Crim. Doc. at 1–3. Specifically, the Indictment alleged that Petitioner, a convicted felon, who was physically present "in the Middle District of Florida" at the relevant time, "knowingly possess[ed], in and affecting interstate commerce, a firearm," in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2). In other words, Petitioner was charged with an offense against the laws of the United States. As such, this Court had jurisdiction to try and convict him. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Because the Court had jurisdiction over Petitioner's criminal action, his trial and appellate attorneys could not have been deficient for not advancing a meritless argument. Accordingly, his ineffective assistance of counsel claim is denied.

## V. CONCLUSION

Finding Petitioner advances no argument warranting relief under 28 U.S.C. § 2255, it is hereby **ORDERED**:

1.    Petitioner's Motion (Civ. Doc. 1, Crim. Doc. 89) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The **Clerk** is directed to enter judgment denying the Motion and dismissing the action with prejudice, terminate any pending motions as moot, and close the file.

3.      If Petitioner appeals this Order, **the Court denies a certificate of appealability**.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of March 2025.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:      Gregory Greer
        Counsel of Record

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

10